UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 23-cr-0001-BAH |
| | : | |
| **PAUL MODRELL** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

## CONSENT MOTION TO CONTINUE STATUS CONFERENCE AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America hereby moves this Court for a three week continuance of the status conference presently set for April 7, 2023, and to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendants in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv), from the date this Court enters an Order on this motion through and including the date of the next hearing.

Government counsel has communicated with counsel for the defendant and has received permission to the file this motion unopposed.

### FACTUAL BACKGROUND

Paul Modrell is charged by Information with violations of 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds); 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds); 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building or Grounds); and 40 U.S.C. § 5104(e)(2)(G) (Parading,

Demonstrating, and Picketing in a Capitol Building). The Defendant is considering a plea offer that has been extended by the government.

## ARGUMENT

### A. Continuance of Status Conference

A continuance of the April 7 status conference is appropriate for the following reasons: (1) the government and the defendant need additional time to attempt to resolve this matter pretrial by way of plea negotiations; (2) the government continues to produce global discovery to the defendant and, as applicable, case specific materials; and (4) given the volume of discovery that has been and is being produced, a continuance will provide the defendant with the opportunity to meaningfully review such discovery and determine how best to proceed, including making decisions regarding the filing of pretrial motions.

In summary, the parties seek additional time to allow for the continuation of the referenced plea discussions, which, if effective, would preserve judicial and the parties' resources. Additional time will also allow for the continued disclosure, review, and consideration of the voluminous discovery in this case.

### B. Exclusion of Time

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As relevant to this motion for a continuance, the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends of-justice continuance, including:

> i. Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> ii. Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> …
>
> iv. Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (citing § 3161(h)(7)(B)(ii), (B)(iv)). Finally, an interests-of-justice finding is within the discretion of the Court. See, e.g., *United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv). The need for a reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances

and exclude the time under the Speedy Trial Act. See, e.g., *United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019). In addition, the parties would like to continue the referenced plea negotiations and request additional time to engage in those discussions. Furthermore, the Defendant agrees to exclude time under the Speedy Trial Act. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendants in a speedy trial.

## CONCLUSION

WHEREFORE, the Government respectfully requests that this Court grant the motion to continue the status conference presently set for April 7, 2023 to a date on or after May 1, 2023. The Government further requests that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. from the date this Court enters an Order on this motion, through and including the date of the next hearing, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendants in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By: */s/ Kyle R. Mirabelli*
KYLE R. MIRABELLI
Assistant United States Attorney
N.Y. Bar No. 5663166
601 D Street, N.W.
Washington, DC 20530
(202) 252-7884
Kyle.Mirabelli@usdoj.gov

4